UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
SPOKANE DIVISION

| | |
|---|---|
| NICHOLAS HAYES, ) | |
| ) | Case No. 2:15-cv-00175 |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| I.Q. DATA INTERNATIONAL, INC., ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

Now comes the Plaintiff, NICHOLAS HAYES, by and through his attorneys, and for his Complaint against the Defendant, I.Q. DATA INTERNATIONAL, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Spokane, Washington.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as his is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the State of Washington, which has its principal place of business in Everett, Washington.

## STATEMENTS OF FACTS

9. On or about March 15, 2015, Defendant placed a telephone call to Plaintiff's cellular telephone in an attempt to collect the aforementioned alleged debt.

10. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom he spoke that he was represented by a law firm with respect to the alleged debt and provided his attorneys' contact information. Plaintiff also requested that Defendant cease placing telephone calls to Plaintiff's cellular telephone.

11. Despite having received notice of Plaintiff's attorneys' representation, on or about April 15, 2015, at approximately 7:31 a.m. Pacific Time, Defendant placed another telephone call to Plaintiff's cellular telephone in another attempt to collect the alleged debt.

12. During said communication, an employee, agent and/or representative of Defendant, who identified himself as "Tim Larson," left a voice message on Plaintiff's cellular telephone.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

15. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 as if reiterated herein.

16. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff before 8:00 a.m.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate

## COUNT II

17. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 as if reiterated herein.

18. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate

## COUNT III

19. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

21.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 as if reiterated herein.

22.    Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.   Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

NICHOLAS HAYES

By:   /s/ Shane P. Coleman
      Attorney for Plaintiff

Shane P. Coleman
Attorney for Plaintiff
Washington Attorney No. 39807
Upright Law LLC
3021 S. Regal Street
Suite 101
Spokane, WA 99223
Phone: (509) 535-6266
Fax: (509) 535-9689
shanepcoleman@yahoo.com